1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

JUNE J.,

9
10
11
12

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C22-1525-BAT

**ORDER AFFIRMING THE
COMMISSIONER AND DISMISSING
THE CASE WITH PREJUDICE**

13
14
15
16
17
18
19
20

      Plaintiff June J. seeks review of the partially favorable decision finding her disabled and

awarding Supplemental Security Income as of June 8, 2021, but finding her not disabled and

denying her application for benefits before that date. She contends the ALJ misevaluated her

severe impairments, the medical evidence, her testimony, and the lay witness evidence; that these

errors resulted in an erroneous residual functional capacity finding and finding of nondisability;

and that this case should be remanded for an award of benefits. Dkt. 15. For the reasons below,

the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with

prejudice.

21

                         **BACKGROUND**

22
23

      Plaintiff, who is currently 60 years old, was 53 years old on her alleged onset date and 58

years old on the date the ALJ found her disabled. Tr. 435. She has at least a high school

education and no past relevant work. Tr. 1828. She applied for benefits in March 2016, alleging

1

2    disability as of December 31, 2009; she later amended her alleged onset date to March 1, 2016.

3    Tr. 435, 1842. After her application was denied initially and on reconsideration, the ALJ issued a

4    decision in July 2018 finding plaintiff not disabled. Tr. 254-70. The Appeals Council reversed

5    that decision and remanded her claim for a new hearing. Tr. 271-76. In July 2020, the ALJ issued

6    a second decision finding plaintiff not disabled. Tr. 20-43. Plaintiff sought judicial review and, in

7    September 2021, based on the parties' stipulation, this Court remanded the case for further

8    administrative proceedings. Tr. 1908-09. In June 2022, the ALJ issued a partially favorable

9    decision, finding plaintiff disabled as of June 8, 2021, but not disabled before that date. Tr. 1797-

10   1837. Plaintiff now seeks judicial review of the June 2022 partially favorable decision.

11                                    **THE ALJ'S DECISION**

12          Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not

13   engaged in substantial gainful activity since the application date. Tr. 1804. The ALJ found that

14   through June 7, 2021, plaintiff had the following medically determinable severe impairments:

15   depressive disorder, post-traumatic stress disorder (PTSD), attention deficit hyperactivity

16   disorder (ADHD), and learning disorder not otherwise specified; beginning on June 8, 2021, she

17   had the additional medically determinable severe impairment of stage 3 lung cancer. Tr. 1805.

18   The ALJ found that these impairments did not meet or equal the requirements of a listed

19   impairment. Tr. 1806.

20          The ALJ found that through June 7, 2021, plaintiff had the residual functional capacity to

21   perform a full range of work at all exertional levels but with the following non-exertional

22   limitations: she could understand, remember, and carry out simple and routine one to two step

23

---

[1] 20 C.F.R. § 416.920.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 2

tasks; she could perform work that did not have conveyor belt-paced production requirements or hourly quotas; she could perform work performed in approximately two-hour segments separated by work breaks; she could perform work with only superficial contact with the public; she could preform work with few, if any, changes in work routines or settings; she could perform work that consisted of low-stress tasks. Tr. 1809. The ALJ found that beginning on June 8, 2021, plaintiff had the residual functional capacity to perform light work with the same non-exertional limitations. Tr. 1825.

The ALJ found that plaintiff had no past relevant work but, prior to June 8, 2021, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Tr. 1828. The ALJ found that since June 8, 2021, there are no jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 1829. The ALJ therefore found that plaintiff was not disabled prior to June 8, 2021, but she became disabled on that date. *Id.*

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

### A.    Severe impairments

1     Plaintiff argues the ALJ erred by failing to find her right shoulder and bilateral knee

2  arthritis were severe impairments because they more than minimally affected her ability to

3  perform basic work activities. Dkt. 15 at 3. She contends this was harmful error because the ALJ

4  failed to include in the RFC all limitations caused by all her impairments. *Id.* However, plaintiff

5  fails to develop these assertions by citing to evidence in the record or providing any argument or

6  analysis to this claim in her opening brief.

7     The Commissioner notes this omission, asserting plaintiff cites to no reliable opinion that

8  assessed limitations stemming from these conditions and that, without any such opinions, the

9  ALJ could reasonably find these conditions non-severe. Dkt. 18 at 10-11.

10    In reply, plaintiff states that in later sections of her opening brief, she cited to medical

11  findings that support this argument, listing examples of treatment notes she cited in her opening

12  brief. Dkt. 19 at 2-3. She asserts this evidence provides an objective evidentiary basis for her

13  complaints of shoulder and knee pain and resulting limitations. *Id.*

14    Plaintiff cannot make an assertion and leave the Court to do counsel's work—framing the

15  argument and putting flesh on its bones through a discussion of the applicable law and facts. *See*

16  *Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May

17  8, 2014) (unpublished) (*citing Vandenboom v. Barnha*rt, 421 F.3d 745, 750 (8th Cir. 2005)

18  (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met

19  listings because claimant provided no analysis of relevant law or facts regarding listings); *Perez*

20  *v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing);

21  *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to

22  frame and develop issue sufficiently to invoke appellate review)). The two-sentence paragraph in

23  plaintiff's opening brief, lacking any analysis or discussion of the law or facts, fails to meet the

standard for presenting an issue to the Court. Even considering plaintiff's assertion in reply—that she had in fact cited to evidence that supported her argument, but it was cited elsewhere in her opening brief—does not satisfy her obligation to develop her argument to the Court. At most, plaintiff has described treatment notes but left it to the Court to discern how those treatment notes undermine the ALJ's decision. Plaintiff has failed to develop this claim and the Court finds that she has therefore waived it.

### B.   Medical evidence

Plaintiff argues the ALJ failed to properly evaluate the medical evidence. Dkt. 15 at 3. Because plaintiff filed her application before March 27, 2017, the prior regulations governing the evaluation of medical opinions apply. Under those regulations, in general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "clear and convincing reasons." *Id.* at 830-31. Where contradicted, a treating or examining physician's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31.

### 1.   Dr. Neims

Dan Neims, Psy.D., examined plaintiff on several occasions. In March 2015, he diagnosed ADHD, adult residual; learning disorder NOS; and PTSD, chronic. Tr. 605. He opined that plaintiff had none to mild limitations in understanding, remembering, and persisting in tasks by following very short and simple instructions and in being aware of normal hazards and taking appropriate precautions; he opined that she otherwise had moderate limitations in performing

1    basic work activities. Tr. 606. In a February 2016 examination, Dr. Neims made the same

2    diagnoses, adding "avoidant and dependent traits." Tr. 585. He again assessed none to mild

3    limitations in understanding, remembering, and persisting in tasks by following very short and

4    simple instructions and in being aware of normal hazards and taking appropriate precautions, as

5    well as in performing routine tasks without special supervision; he assessed moderate limitations

6    in performing all other basic work activities and that the overall severity of her limitations was

7    moderate. Tr. 585-86. In a June 2017 examination, Dr. Neims assessed the same limitations as in

8    his previous assessment, with the exception of opining plaintiff had marked limitations in

9    making simple work-related decisions and in setting realistic goals and planning independently;

10   he opined that the overall severity of her limitations was moderate to marked. Tr. 1179-80.

11         The ALJ gave Dr. Neims' opinions partial weight, finding his opinions on mild and

12   moderate limitations were consistent with plaintiff's treatment history, her presentation and

13   performance during evaluations and treatment visits, her positive response when consistent with

14   mental health treatment, and her activities of daily living. Tr. 1819. However, the ALJ found Dr.

15   Neims' opinion regarding marked limitations was not consistent with plaintiff's demonstrated

16   activities and her ability to advocate for the needs of herself and her grandchildren, which

17   included pursuing community resources, completing a parenting class, and dealing with CPS

18   proceedings. *Id.*

19         Plaintiff asserts the ALJ failed to give any legitimate reasons for rejecting the moderate

20   limitations opined by Dr. Neims and failed to include these limitations in the RFC finding. Dkt.

21   15 at 6-7.

22         The Commissioner responds the ALJ assessed a very restricted mental RFC finding that

23   included limitations in understanding, remembering, and applying information; interacting with

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 6

1   others; and concentration, persistence, and pace. Dkt. 18 at 8. The Commissioner asserts it is

2   unclear what limitations plaintiff believes the ALJ should have included, but a reasonable mind

3   could see how the limitations the ALJ included addressed plaintiff's moderate limitations. *Id.*

4       Dr. Neims assessed moderate limitations in plaintiff's ability to follow detailed

5   instructions, perform activities within a schedule, maintain regular attendance, be punctual

6   within customary tolerances, learn new tasks, adapt to changes in a routine work setting, make

7   simple work-related decisions, ask simple questions or request assistance, communicate and

8   perform effectively in a work setting, and complete a normal workday and workweek without

9   interruptions from psychologically based symptoms. The ALJ limited plaintiff to simple and

10  routine tasks, no conveyor belt-paced production requirements or hourly quotas, two-hour

11  segments or work separated by breaks, only superficial contact with the public, few if any

12  changes in work routines or settings, and low-stress tasks. Even a cursory review of Dr. Neims'

13  opinion and the ALJ's RFC finding shows plaintiff's assertion—that the ALJ rejected the

14  moderate limitations opined by Dr. Neims without giving any reasons and improperly failed to

15  incorporate them into the RFC—is incorrect. The ALJ included restrictions that reasonably

16  incorporated the moderate limitations opined by Dr. Neims. The Court finds no error in the

17  ALJ's assessment of Dr. Neims' opinions.

18      *2.    Dr. Griffin*

19      Enid Griffin, Psy.D., examined plaintiff in April 2019. Tr. 1393. She diagnosed ADHD,

20  combined type, PTSD, depressive disorder, alcohol use disorder, learning disorder, and avoidant

21  and dependent traits. Tr. 1394. She opined plaintiff had moderate limitations in performing

22  activities within a schedule, maintaining regular attendance, and being punctual within

23  customary tolerances; adapting to changes in a routine work setting; being aware of normal

1   hazards and taking appropriate precautions; communicating and performing effectively in a work

2   setting; maintaining appropriate behavior in a work setting; completing a normal workday and

3   workweek without interruptions from psychologically based symptoms; and setting realistic

4   goals and planning independently. Tr. 1394-95. She opined plaintiff otherwise had no or mild

5   limitations in performing basic work activities. *Id.*

6       The ALJ gave Dr. Griffin's opinion great weight for reasons similar to Dr. Neims'

7   opinion, finding that Dr. Griffin's opinion was consistent with plaintiff's treatment history, her

8   presentation and performance during evaluations and treatment visits, her positive response when

9   consistent with mental health treatment, and her activities of daily living. Tr. 1821-22.

10      Plaintiff argues again the ALJ erred by failing to include the moderate limitations Dr.

11  Griffin opined in the RFC finding. Dkt. 15 at 7. However, as with Dr. Neims, the limitations the

12  ALJ included in the RFC finding reasonably incorporate and reflect the limitations Dr. Griffin

13  opined. The Court finds no error in the ALJ's assessment of Dr. Griffin's opinion.

14      *3.    Ms. Putaansuu*

15      Susan Putaansuu, ARNP, plaintiff's treating nurse practitioner, completed a mental

16  impairment questionnaire in June 2016. She noted plaintiff's PTSD diagnosis and stated plaintiff

17  was extremely anxious when triggered or stressed. Tr. 735. In the section titled "mental abilities

18  and aptitudes needed to do unskilled work," she opined plaintiff was seriously limited in her

19  ability to maintain attention for two-hour segments, sustain an ordinary routine without special

20  supervision, work in coordination with or proximity to others without being unduly distracted,

21  make simple work-related decisions, complete a normal workday and workweek without

22  interruptions from psychologically based symptoms, perform at a consistent pace without an

23  unreasonable number and length of rest periods, and deal with normal work stress; she otherwise

had limited but satisfactory abilities and aptitudes to perform unskilled work. Tr. 735. Under a

section that asked about functional limitations that correlate to the "paragraph B" and "paragraph

C" criteria, she opined plaintiff had no or mild difficulties in activities of daily living and

maintaining social functions; moderate difficulties in maintaining concentration, persistence, or

pace; and one or two episodes of decompensation within a 12-month period, each of at least two

weeks' duration. Tr. 736. She further opined plaintiff had a medically documented history of a

chronic mental, schizophrenic, or affective disorder of at least 2 years' duration that has caused

more than a minimal limitation of ability to do any work activity; a residual disease process that

has resulted in such marginal adjustment that even a minimal increase in mental demands or

change in the environment would be predicted to cause her to decompensate; and an anxiety

related disorder and complete inability to function independently outside the area of her home.

Tr. 736. She opined plaintiff would miss more than four days of work per month. Tr. 737.

The ALJ gave Ms. Putaansuu's opinion little weight, finding that while Ms. Putaansuu

had a treating relationship with plaintiff, her opinion was inconsistent with the overall record. Tr.

1820-21. Specifically, the ALJ found Ms. Putaansuu's opinion was internally inconsistent,

noting her opinion regarding the paragraph B criteria was much less restrictive than her opinion

regarding plaintiff's abilities and aptitudes, and her opinion regarding plaintiff having a history

of psychotic disorder was not consistent with any evidence in the record and the fact that plaintiff

did not endorse any notable psychotic symptoms during the relevant period. Tr. 1820-21. The

ALJ also found Ms. Putaansuu's opinion was inconsistent with plaintiff's mental health

treatment history, including her own progress notes while treating plaintiff throughout the

relevant period, finding plaintiff was able to manage her symptoms well prior to October 2017

primarily with marijuana, and showed drastic improvement and stability with consistent

1    medication management. Tr. 1821. The ALJ found Ms. Putaansuu's opinion to be inconsistent

2    with plaintiff regularly demonstrating normal mood and affect during treatment visits, plaintiff's

3    performance during evaluations and treatment visits, and with plaintiff's robust activities of daily

4    living, including the ability to act as primary caregiver to several grandchildren, including one

5    with special needs, socialize regularly with others, attend church, spend time at a casino, travel to

6    Las Vegas, and advocate for the needs of herself and her grandchildren, including pursuing

7    community resources, completing a parenting class, and dealing with CPS proceedings. *Id.* The

8    ALJ found that this evidence indicated plaintiff's mental health symptoms were not as

9    debilitating as alleged, and that this evidence directly contradicted Ms. Putaansuu's assessment.

10   *Id.*

11         Plaintiff argues that none of these reasons are legitimate reasons supported by substantial

12   evidence and are not germane to Ms. Putaansuu. Dkt. 15 at 9. She asserts the ALJ fails to

13   acknowledge Ms. Putaansuu's opinion is consistent with her clinical findings and with the

14   longitudinal record, and it is not meaningfully inconsistent with plaintiff's activities. *Id.* She

15   includes a lengthy recitation of mental health treatment notes, ending with the assertion that "All

16   of this evidence undermines the ALJ's reasons for rejecting Ms. Putaansuu's opinion and

17   [plaintiff's] testimony, and it shows that [plaintiff's] mental functional limitations are more

18   severe than they were found to be by the ALJ." Dkt. 15 at 7-11.

19         Ms. Putaansuu, a registered nurse, is not an acceptable medical source who can give

20   medical opinions. *See* 20 C.F.R. § 404.1527. The ALJ may evaluate opinions of other medical

21   sources using the same factors used to evaluate medical opinions of acceptable medical sources.

22   20 C.F.R. § 404.1527(f). An ALJ may discount opinions from non-acceptable medical sources

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 10

by giving specific reasons, based on evidence in the record, that are germane to that witness. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Plaintiff's assertions regarding this opinion do not address the ALJ's finding that Ms. Putaansuu's opinion is internally inconsistent. However, even a cursory review of the opinion shows that this finding is supported. For example, in the abilities and aptitudes section, Ms. Putaansuu opined that plaintiff was seriously limited in areas involving social interaction and concentration, but in the following section, she opined that plaintiff had mild or moderate functional limitations in these areas. Tr. 735-36. Plaintiff also fails to address the ALJ's finding that Ms. Putaansuu's opinion regarding psychotic disorder is not consistent with any medical evidence in the record or any reports by plaintiff of psychotic symptoms during the relevant period. Inconsistency with the medical evidence is a germane reason to reject lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. Inconsistency with medical evidence is one such reason."). These were specific reasons, supported by substantial evidence, to discount Ms. Putaansuu's opinion. Plaintiff's lengthy recitation of mental health treatment notes and conclusory assertions do not undermine the ALJ's findings regarding the inconsistencies in Ms. Putaansuu's opinion. The Court finds no error in the ALJ's assessment of Ms. Putaansuu's opinion.

4. *Medical expert testimony*

Nancy Winfrey, Ph.D., testified as a medical expert at the May 2020 hearing. Tr. 55. She testified plaintiff's primary diagnosis was PTSD, but she did not find other diagnoses substantiated in the record. Tr. 55-57. She opined plaintiff had mild limitation in the ability to understand, remember, and apply information; mild limitation in the ability to interact with

1    others; moderate limitations in concentration, persistence, and pace; and mild limitations in the

2    ability to adapt and manage oneself. Tr. 58-60. She testified the medical evidence showed

3    considerable improvement in plaintiff's mental health symptoms with treatment. Tr. 58-60. She

4    opined that plaintiff should be limited to simple, routine work. Tr. 60.

5            The ALJ gave Dr. Winfrey's testimony great weight, finding it to be consistent with the

6    overall medical evidence of record, including plaintiff's mental health treatment history, her

7    presentation and performance during evaluations and treatment visits, her positive response when

8    consistent with mental health treatment, and her activities of daily living. Tr. 1824. The ALJ

9    noted that he included additional severe mental impairments and RFC restrictions to account for

10   the overall record, including plaintiff's hearing testimony. *Id.*

11           Plaintiff asserts Dr. Winfrey's testimony was in fact inconsistent with the findings and

12   opinions of Dr. Neims, Dr. Griffin, Ms. Putaansuu, and other providers whose treatment notes

13   plaintiff summarized in the preceding section of her brief, and it was inconsistent with the mental

14   health findings she previously summarized. Dkt. 15 at 11.

15           Plaintiff's conclusory assertion asks the Court to accept her interpretation of the evidence

16   over the ALJ's, while making no effort to establish the ALJ's interpretation was unreasonable or

17   unsupported. But the Court may neither reweigh the evidence nor substitute its judgment for that

18   of the Commissioner. *Thomas*, 278 F.3d at 954. Where the evidence is susceptible to more than

19   one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*. Plaintiff

20   has not established error in the ALJ's assessment of Dr. Winfrey's opinion.

21           5.    *Physical findings*

22           Under the heading "Physical findings," plaintiff includes a recitation of various treatment

23   notes addressing physical complaints; she asserts that this evidence undermines the ALJ's RFC

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 12

1  finding because it shows that plaintiff's shoulder and knee arthritis limited her to sedentary

2  exertion and only occasional reaching with her right arm. Dkt. 11-12. Plaintiff makes no specific

3  arguments with respect to this evidence. In addition, she does not refer the Court to any medical

4  opinions that support the severity of physical limitations she claims, or any medical opinions

5  supporting any degree of physical limitations. This recitation of evidence and conclusory

6  assertions are insufficient to present an issue for the Court to address.

7  **C.      Plaintiff's testimony**

8         Plaintiff argues the ALJ failed to properly evaluate her testimony. Dkt. 15 at 13. Where,

9  as here, the ALJ did not find that plaintiff was malingering, the ALJ must provide clear and

10  convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.

11  2001). An ALJ does this by making specific findings supported by substantial evidence.

12  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible

13  and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

14         Plaintiff first argues the errors she alleged in the ALJ's evaluation of the medical

15  evidence undermine the ALJ's assessment of her testimony Dkt. 15 at 13. This argument is based

16  on her previous assertions of error, all of which this Court has rejected. This argument therefore

17  fails.

18         Plaintiff also asserts the ALJ provided a selective summary of the objective evidence in

19  finding that the treatment record is inconsistent with her testimony and that the medical evidence

20  does not support the degree of limitations she alleged, and thereby misapplied the "objective

21  evidence test." Dkt. 15 at 13. However, while a lack of objective medical evidence cannot be the

22  sole reason an ALJ discounts subjective complaints, it is a relevant factor that the ALJ can

23  consider in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

1    Because the ALJ gave other reasons for discounting plaintiff's testimony, the ALJ did not err by

2    considering whether the objective evidence supported plaintiff's testimony.

3            Turning to those other reasons, the ALJ found the medical evidence showed plaintiff

4    experienced heightened mental health symptoms due to considerable situational stressors,

5    including unstable housing, childcare responsibilities, and CPS involvement with family. Tr.

6    1816. Plaintiff argues that while this is true to a certain extent, the ALJ erred by inferring that all

7    of plaintiff's mental health symptoms were a reaction to situational stressors. Dkt. 15 at 14. This

8    argument blatantly misstates what the ALJ found—that situational stressors exacerbated

9    plaintiff's symptoms, not that that they were the sole cause of her symptoms. And asking the

10   Court to find that situational stressors affected plaintiff to a lesser degree than the ALJ found

11   asks the Court to reweigh the evidence, something the Court cannot do. *Thomas*, 278 F.3d at

12   954. The ALJ did not err by considering the effect of situational stressors on plaintiff's mental

13   health symptoms.

14           The ALJ found plaintiff managed her mental health symptoms effectively prior to

15   October 2017 with mostly marijuana and that her mental health symptoms dramatically

16   improved and stabilized as of that date with consistent medication management. Tr. 1816.

17   Plaintiff argues that the ALJ erroneously conflated "stable" with "asymptomatic" and that the

18   ALJ improperly cherry-picked the evidence by citing normal findings and ignoring abnormal

19   findings. Dkt. 15 at 14. Plaintiff again misstates the ALJ's finding, as the ALJ made no finding

20   that plaintiff was asymptomatic either before or after her stabilization with medication. In

21   addition, the ALJ cited to dozens of records to support the finding that plaintiff declined

22   medication and managed her symptoms with marijuana before October 2017, and that she

23   improved and stabilized with medication management after that time. Tr. 1816. Although

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 14

1    plaintiff may disagree with the ALJ's interpretation of the evidence, the ALJ cited to substantial

2    evidence to support this finding and the Court therefore cannot disturb it. *Thomas*, 278 F.3d at

3    954.

4         The ALJ found plaintiff's ability to engage in a pleasant and cooperative manner with

5    medical and mental health professionals showed that she could tolerate some social interaction in

6    the workplace. Tr. 1816. Plaintiff argues that plaintiff's ability to engage with treatment

7    providers does not demonstrate that she could interact appropriately in a work environment. Dkt.

8    15 at 14. However, the ALJ could reasonably infer from plaintiff's ability to interact with others

9    in one setting that she could interact with others in a different setting. The ALJ is entitled to draw

10   reasonable inferences logically flowing from the record. *Tommasetti v. Astrue*, 533 F.3d 1035,

11   1040 (9th Cir. 2008) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982)). The ALJ

12   did not err by considering plaintiff's ability to engage with treatment providers in evaluating her

13   ability to tolerate some social interaction in the workplace.

14        The ALJ found "there is substantial evidence that undermines the reliability of the

15   claimant's allegations regarding the extent of her symptoms, functional limitations, and inability

16   to sustain competitive employment through June 7, 2021." Tr. 1817. Plaintiff asserts that this

17   statement shows the ALJ was applying an incorrect legal standard, as he was required to base his

18   decision on a preponderance of the evidence. Dkt. 15 at 14 (citing 20 C.F.R. § 416.1453(a)). The

19   ALJ's statement referred to his assessment of plaintiff's allegations, not the basis for his decision

20   overall. This statement does not undermine the overall validity of the ALJ's decision.

21        The ALJ found that plaintiff's treatment was inconsistent with her allegations, listing

22   several examples and concluding that this evidence "weakens the overall reliability of the

23   claimant's allegations." Tr. 1817. Plaintiff asserts that this statement shows the ALJ was

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 15

1    applying an incorrect legal standard, as an ALJ is not permitted to reject a claimant's testimony

2    based on its overall reliability. Dkt. 15 at 15 (citing SSR 16-3p). The ALJ used of the term

3    "overall reliability" in connection with a specific finding—that plaintiff's treatment was

4    inconsistent with her allegations. The ALJ did not improperly judge the "overall reliability" of

5    plaintiff's testimony as a whole.

6         The ALJ found plaintiff's demonstrated level of functioning was in excess of her claimed

7    functional limitations. Tr. 1817-18. Plaintiff argues that none of plaintiff's activities were

8    inconsistent with her testimony, met the threshold for transferable work skills, or showed that she

9    could perform full-time competitive work on a sustained basis. Dkt. 15 at 15. An ALJ may

10   consider a claimant's daily activities when evaluating her credibility. *Light v. Soc. Sec. Admin.*,

11   119 F.3d 789, 792 (9th Cir. 1997). The ALJ may not penalize a claimant for attempting to live a

12   normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.

13   1987). But contradictions between a claimant's reported activities and her asserted limitations

14   are an issue of credibility. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.

15   1999). The ALJ identified examples of such contradictions, such as evidence that despite her

16   testimony that she has difficulty plaintiff with lifting, standing, and walking, her reported

17   hobbies included camping, swimming, walking, and playing ball with her grandchildren; despite

18   her testimony that she isolates and his difficulty dealing with people, she reported shopping,

19   using public transportation, attending church, spending time at a casino, travelling to Las Vegas,

20   and socializing regularly with family, friends, and neighbors; and despite her testimony that she

21   has difficulty with memory, concentration, comprehension, and reading and writing, she was

22   able to perform her activities of daily living without mental health deficits, she was the primary

23   caregiver to as many as six grandchildren at a time, including one with special needs, and she

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 16

1    was able to advocate for the needs of herself and her grandchildren, including seeking out

2    community resources, completing a parenting class for custody proceedings, and working with

3    an attorney to pursue custody of her grandchildren. Tr. 1817-18. This constitutes substantial

4    evidence to support this finding.

5        Plaintiff further argues that in making this finding the ALJ improperly penalized her for

6    attempting to live a normal life in the face of her limitations, and that her ability to take

7    necessary steps to care for her family does not prove that she would be able to work on a

8    sustained basis. Dkt. 15 at 15. However, the ALJ identified caregiving activities that required a

9    level of functioning greater than plaintiff's claimed limitations, including seeking out community

10   resources, completing a parenting class, and working with an attorney. The ALJ could

11   reasonably conclude these activities demonstrated mental functioning greater than plaintiff

12   alleges.

13       And plaintiff argues the ALJ over-relied on an April 2016 function report that lists

14   plaintiff's hobbies as including camping, swimming, and playing ball with her grandchildren.

15   Dkt. 13 at 15. But the ALJ was entitled to give weight to the function report, and this Court may

16   not disturb that decision because plaintiff disagrees with it. *Thomas*, 278 F.3d at 954.

17       Plaintiff asserts the ALJ did not give a valid reason for rejecting her testimony about

18   limitations caused by her shoulder and knee arthritis. Dkt. 15 at 16. However, as noted above, the

19   ALJ found that this testimony was inconsistent with plaintiff's reported activities, including

20   camping, swimming, walking, playing ball with her grandchildren. Tr. 1817-18. This

21   inconsistency with a valid reason to discount her testimony.

22       Finally, the ALJ found plaintiff made a questionable statement in connection with her

23   claim for benefits, stating to her mental health provider: "My main thing is getting on SSI –

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 17

being whatever I need to be to get on there." Tr. 1818. Plaintiff asserts that the ALJ failed to mention that in the same report, plaintiff described her fear of being homeless and stated "Mentally, I can't go to work and I'm not trainable," arguing that the fact that a person who could not work was attempting to obtain SSI is not a convincing reason to reject her testimony. Dkt. 15 at 16 (citing Tr. 649). But the ALJ could reasonably find that plaintiff's statement about "being whatever [she needs] to be" to get on SSI raised questions about the veracity of her allegations, regardless of the other statements she made at that visit. Because the ALJ's interpretation was rational, this Court may not disturb it. *Thomas*, 278 F.3d at 954.

In sum, the ALJ gave clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's testimony. Finding no error in the ALJ's assessment of plaintiff's testimony, the Court will not disturb it.

### D.      Lay witness testimony

Plaintiff argues that the ALJ erred in evaluating the lay witness testimony of Patty Olive and Monica Andrews. Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ rejects the lay testimony by giving specific reasons, based on evidence in the record, that are germane to that witness. *Stout*, 454 F.3d at 1053.

#### 1.      Patty Olive

In an April 2016 interview with plaintiff, SSI facilitator Patty Olive observed difficulty with reading, understanding, coherency, concentrating, sitting, and seeing. Tr. 495. Ms. Olive reported that plaintiff stated she could not spell and had a low reading level and that she used glasses but did not have them with her because they were broken. *Id.* Ms. Olive stated that plaintiff could not sit still and moved in her seat the whole time she was there, she struggled to understand the questions, and she was easily distracted and needed help to stay on task. *Id.* Ms.

1   Olive reported that she observed memory issues, concentration issues, and apparent intellectual

2   functioning deficits. Tr. 496.

3          The ALJ did not discuss or assign weight to this evidence. Plaintiff asserts this omission

4   constituted legal error. Dkt. 15 at 17. However, the Court may not reverse an ALJ's decision on

5   account of an error that is harmless. *Molina*, 674 F.3d 1111. An error is harmless where it is

6   inconsequential to the ALJ's ultimate nondisability determination. *Id.* at 1122. The party

7   attacking an agency's determination bears the burden of showing that prejudice results from an

8   error. *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011) (citing *Shinseki v. Sanders*, 556 U.S.

9   396, 409-10 (2009). To the extent Ms. Olive's observations are based on plaintiff's own

10  statements, including statements about her reading level and ability to spell, the Court has found

11  that the ALJ properly discounted the reliability of plaintiff's statements. And to the extent Ms.

12  Olive reported her own observations, including plaintiff's inability to sit still and memory and

13  concentration issues, plaintiff has not demonstrated that those observations were inconsistent

14  with the ALJ's RFC finding, which accounted for plaintiff's mental limitations, including in her

15  ability to perform complex tasks, concentrate, maintain pace, adapt to changes in the workplace,

16  and deal with workplace stress. Tr. 1809. Plaintiff has not shown the ALJ's failure to comment

17  on this evidence was consequential to the ALJ's decision. The Court finds that any error in the

18  ALJ's omission was harmless.

19          2.   *Monica Andrews*

20          Plaintiff's friend Monica Andrews testified at the May 2020 hearing. She testified that

21  plaintiff usually stayed at home because she was very introverted. Tr. 85-86. She testified

22  plaintiff had good days and bad days; on a good day she would spend time with her

23  grandchildren, and on a bad day she would isolate and deal with significant mental health

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 19

1   symptoms. Tr. 86-87. She testified that she assisted plaintiff with various activities of daily

2   living, including laundry, paying bills, organizing, making appointments, and taking

3   medications, and she sometimes assisted plaintiff with self-care activities due to pain and mental

4   health symptoms. Tr. 83-85.

5          The ALJ found Ms. Andrews's testimony did not convince him that plaintiff was more

6   limited than the RFC finding. Tr. 1823. The ALJ found her testimony about significant pain

7   symptoms was inconsistent with plaintiff's limited treatment history for pain, with plaintiff's

8   normal physical examination findings, with plaintiff's positive response when consistent with

9   mental health treatment, and with plaintiff's activities of daily living. *Id.* The ALJ therefore gave

10   the testimony little weight. *Id.*

11         Plaintiff asserts this finding applies the incorrect legal standard and that none of these

12   reasons are supported by substantial evidence in the record. However, the ALJ provided germane

13   reasons, specific to Ms. Andrews and supported by substantial evidence, for discounting her

14   testimony. An ALJ may discount lay witness testimony that is inconsistent with the medical

15   evidence. *Bayliss*, 427 F.3d at 1218. And an ALJ may also discount lay witness evidence that is

16   inconsistent with the claimant's reported activities. *Carmickle v. Astrue*, 533 F.3d 1155, 1164

17   (9th Cir. 2008). Plaintiff's assertion that these reasons are unsupported by the evidence relies on

18   the same assertions she made in connection with the ALJ's assessment of her own testimony. For

19   the same reasons, this assertion again fails. The ALJ reasonably interpreted the evidence, and the

20   Court cannot rely on plaintiff's proposed alternative to reverse the ALJ's decision. The ALJ's

21   findings with respect to Ms. Andrews' testimony are based on substantial evidence and provide

22   specific, germane reasons to discount it. The ALJ did not err in assessing Ms. Andrews'

23   testimony.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 20

1

**E.      RFC and finding of non-disability**

2        Finally, plaintiff argues that the ALJ erred in assessing her RFC and in relying on that

3   RFC to find her not disabled. Dkt. 15 at 18. This argument is based on her previous assignments

4   of error, all of which this Court has rejected. Because the ALJ's RFC finding and hypothetical to

5   the vocational expert contained all of the limitations that the ALJ found supported by substantial

6   evidence, the ALJ's RFC finding and reliance on the VE's testimony in finding plaintiff not

7   disabled was proper. *Bayliss*, 427 F.3d at 1217-18.

8                                **CONCLUSION**

9        For the foregoing reasons, the Commissioner's decision **AFFIRMED** and this case is

10  **DISMISSED** with prejudice.

11       DATED this 4th day of August, 2023.

12

13                                  _____

14                                  BRIAN A. TSUCHIDA
                                    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 21